**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY L. BONGA,

        Plaintiff,

v.                                                      Case No. 10-cv-10013
                                                                Honorable Marianne O. Battani

ERIC J. SMITH,

        Defendant.

_____/

**OPINION AND ORDER**
**DISMISSING COMPLAINT AND CONCLUDING**
**THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.  INTRODUCTION**

Before the Court is Plaintiff Jeffrey L. Bonga's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner who is currently confined at the Lakeland Correctional Facility in Coldwater, Michigan.[1]  The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action.  Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  The Court also concludes that an appeal cannot be taken in good faith.

**II.  BACKGROUND**

On July 21, 1998, a Macomb County, Michigan, circuit court jury convicted Plaintiff of first-degree murder, MICH.COMP.LAWS § 750.316, and felony-firearm, MICH.COMP.LAWS § 750.227b.  He was sentenced to life in prison for the first-degree-murder conviction and a

---

[1] Plaintiff was incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan when his petition was originally filed.

consecutive term of two years in prison for the felony-firearm conviction. The Michigan Court of Appeals affirmed Plaintiff's convictions. *People v. Bonga*, No. 214387, 2000 WL 33389837 (Mich.Ct.App. Dec. 19, 2000). Plaintiff's application for leave to appeal that decision, filed in the Michigan Supreme Court, was denied on July 30, 2001. *People v. Bonga*, 465 Mich. 856, 632 N.W.2d 141 (2001). Petitioner filed several post-conviction challenges in the state courts, all of which were denied.

On November 14, 2003, Plaintiff filed a habeas petition in the United States District Court for the Eastern District of Michigan, challenging his convictions. The petition was denied on the merits. *Bonga v. Renico*, No. 03-cv-74593-DT (E.D. Mich. Sept. 21, 2004) (O'Meara, J.)

On July 30, 2007, Plaintiff filed a petition for DNA testing in the trial court, which was denied. *People v. Bonga*, No. 98-0534-FC (Macomb County Circuit Court, Nov. 19, 2007). His motion for reconsideration was also denied. Plaintiff's applications for leave to appeal the trial court's decision were denied by both state appellate courts. *People v. Bonga*, No. 283630 (Mich.Ct.App. Aug. 27, 2008); *People v. Bonga*, 483 Mich. 976, 764 N.W.2d 235 (2009).

Plaintiff filed the instant civil rights complaint against Eric Smith, the Macomb County Prosecutor, in which he asks "this Honorable Court to order the Macomb County Prosecutor to conduct a DNA testing of the biological material found on his clothing that was confiscated by the Warren Police, plus the cost of this action . . . ." See Complaint, III. Relief, 24. In his *pro se* complaint, Plaintiff alleges a violation of his due process and equal protection rights.

### III.  DISCUSSION

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before

service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, in this case, the Court finds that Plaintiff's complaint is subject to summary dismissal.

Plaintiff's civil rights suit is subject to dismissal because, contrary to his assertion, in this civil rights action Plaintiff is essentially seeking to have his conviction vacated or set aside. Plaintiff's action does not state a cognizable claim under § 1983 because his request for DNA testing challenges the validity of his criminal conviction for which his exclusive remedy would be a writ of habeas corpus. Such claims are not properly brought in a § 1983 civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a

cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continued confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus).  *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus).  The United States Supreme Court has recognized "an implicit exception from § 1983's otherwise broad scope for actions that lie 'within the core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser*, 411 U.S. at 487).

      Citing *Preiser* and *Heck*, the United States Court of Appeals for the Sixth Circuit has upheld the dismissal of a similar civil rights complaint in which an Ohio prisoner alleged that a prosecutor violated his due process rights and other constitutional rights by refusing to cooperate in his DNA testing efforts.  *Boyle v. Mayer*, 46 Fed. App'x 340, 341 (6th Cir. 2002) (unpublished).  Two other circuit courts have reached the same conclusion as the Sixth Circuit. *Kutzner v. Montgomery County*, 303 F.3d 339, 341 (5th Cir. 2002); *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002).

      However, five other circuits have reached the opposite result, holding that a state prisoner's claim seeking post-conviction access to physical evidence from his criminal trial for the purpose of DNA testing was cognizable under § 1983, *see Grier v. Klem*, ___ F.3d ___, 2010 WL 92483 (3rd Cir. Jan. 12, 2010); *McKitchen v. Brown*, 481 F.3d 89, 99 (2nd Cir. 2007);

*Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Osborne v. Dist. Attorney's Office for the Third Judicial District*, 423 F.3d 1050, 1054 (9th Cir. 2005), *rev'd on other grounds*; ___U.S. ___, 129 S.Ct. 2308 (2009); *Bradley v. Pryor*, 305 F.3d 1287, 1290-91 (11th Cir. 2002). And, recently, in *District Attorney's Office for Third Judicial Dist. v. Osborne*, ___U.S. ___, ___, 129 S.Ct. 2308, 2319 (2009), the United States Supreme Court did not ultimately decide the question at issue in this case but simply assumed that a petitioner could raise this claim under § 1983; "we will assume without deciding that the Court of Appeals was correct that *Heck* does not bar Osborne's 1983 claim."

While this Court is not strictly bound by the Sixth Circuit's unpublished decision in *Boyle*, *see Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996), such a decision may be instructive, *see Combs v. International Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004), and this Court is reluctant to rule in a contrary fashion. *See also Hall v. Eichenlaub*, 559 F.Supp.2d 777, 781-82 (E.D. Mich. Apr. 28, 2008). Moreover, a fair reading of Plaintiff's complaint reveals that he is contesting the validity of his convictions and current confinement. Because this case concerns the validity of Plaintiff's convictions and is so intertwined with the fact of his confinement, it must be dismissed for failure to state a cognizable claim under § 1983. *See Boyle*, 46 Fed.App'x at 340-41.

Furthermore, even if Plaintiff's complaint may be brought as a § 1983 action, he has still failed to state a claim upon which relief may be granted in his complaint. The Supreme Court in *Osborne* specifically held that a state prisoner has no freestanding federal substantive due process right of post-conviction access to evidence for DNA testing. *Osborne*, 129 S.Ct. at 2319-23. Rather, the Supreme Court indicated that a state prisoner may have a procedural due

process right regarding the proper application of a state-created right as to such matters. In other words, a state prisoner could bring a federal action challenging the adequacy of a state's procedures governing post-conviction access to evidence and the testing (or retesting) of that evidence. *Id.* at 2319-20. The Sixth Circuit has ruled that such a challenge to Michigan's post-conviction procedures "is untenable because Michigan's statutory scheme is more comprehensive than the state procedures sanctioned by the *Osborne* Court." *See In re Smith*, No. 07-1220, 2009 WL 3049202, at *4 (6th Cir. Sept. 24, 2009) (unpublished). Michigan provides sufficient post-conviction procedures for addressing Plaintiff's concerns. *See* Michigan Court Rule 6.500 *et.seq.* (providing for post-conviction collateral review); MICH.COMP.LAWS § 770.16 (providing for post-conviction DNA testing). In fact, Plaintiff filed a motion under MICH.COMP.LAWS § 770.16, but the trial court denied the motion. Plaintiff neither alleges nor establishes that the state procedure was applied unconstitutionally. He has thus failed to state a viable substantive or procedural due process claim in his complaint.

Finally, Plaintiff has also failed to state an equal protection claim. The linchpin of an equal protection claim is that the government has treated people who are similarly situated in a different manner. *See Bannum, Inc. V. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff fails to indicate with any specificity how he has been treated differently from others who are similarly situated. The fact that some prisoners may be having their convictions reviewed and evidence tested does not mean that those prisoners are similarly situated to Plaintiff or that Plaintiff is being treated unfairly. Conclusory allegations are insufficient to state a civil rights claim. *See Jackson v. Madery*, 158 Fed.App'x 656, 659 (6th Cir. 2005); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Additionally, the Court notes that prisoners

are not

members of a protected class for equal protection purposes.  *See*, e.g., *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  Plaintiff has thus failed to state an equal protection claim.

## IV.  CONCLUSION

Accordingly, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  The Court therefore **DISMISSES** Plaintiff's civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: February 2, 2010

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail.

        s/Bernadette M. Thebolt
        Case Manager